## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELE P. HINES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 21-cv-06364** |
| **ABBOTT LABORATORIES** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Michele P. Hines ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, Abbott Laboratories ("Defendant"), states as follows:

## JURISDICTION AND VENUE

1.     Plaintiff brings this action under the Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") for Defendant discriminating against Plaintiff on the basis of her race and gender.

2.     Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3.     Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4.      Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B").

5.      Plaintiff timely filed this complaint with the United States District Court for the Northern District of Illinois within 90 days of her receipt of Notice of Right to Sue.

## PARTIES

6.      Plaintiff is an adult, Black female individual and a resident of North Chicago, Illinois.

7.      Defendant is and was at all times relevant to the allegation herein, a domestic corporation organized under the laws of the State of Illinois doing business in Illinois and other surrounding states.

8.      At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Abbott Park, Illinois location.

9.      At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under Title VII.

10.     At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the Title VII.

## FACTUAL ALLEGATIONS

11.     Plaintiff began her employment with Defendant in or around January 1990.

12.     At all times relevant, Plaintiff was meeting the legitimate job performance expectations of Defendant when said job performance expectations were applied equally to similarly situated employees, regardless of gender or race.

13.     In or around winter 2019, Plaintiff was transferred to Defendant's Commodities

Department as a Senior Quality Technician.

14.    Plaintiff needed extensive training to perform her job successfully in the Commodities Department when she was transferred. The training process for quality technicians in the commodities typically lasts for approximately 6 months. Approximately two months into Plaintiff's training, the individual who was assigned to train her was reassigned to train a non-Black quality technician for approximately three to four months. During this time, Plaintiff was only allowed to perform some of the job duties of a quality technician in the Commodities Department.

15.    When Plaintiff's trainer finally resumed training Plaintiff, the training was terminated before Plaintiff felt comfortable performing the full range of job duties of a quality technician in the Commodities Department.

16.    During the course of Plaintiff's employment in the Commodities Department, she was subjected to a hostile work environment and discriminatory treatment due to her gender and race.  For instance:

    a.    Between August and October 2020, during the George Floyd protests, Plaintiff was subjected to comments from advanced technician Jaime Rodriguez ("Rodriguez") mocking Mr. Floyd saying, "I can't breathe, I can't breathe." Plaintiff reported Rodriguez's comments to her supervisor, Tom Wieland ("Wieland"). Rodriguez was not reprimanded to Plaintiff's knowledge, however, shortly thereafter principal technician Bob Hogan ("Hogan") blurted out "whistleblower" as he walked past Plaintiff's cubicle.  Plaintiff understood Mr. Hogan's comment to relate to her complaint about Rogriguez.

    b.    Rodriguez continued to make loud comments near Plaintiff in the workplace

when speaking to other people about the protests, such as "Stupid people! They think they can take what they want!" Plaintiff perceived Rodriguez's comment to be in reference to Black people.

c.  During daily morning meetings, Rodriguez routinely brought up mistakes that her perceived Plaintiff had made, which Plaintiff believed was done to embarrass and humiliate her, however, he did not mention any mistakes or make criticisms of other non-Black, male employees.  Wieland was present during these meetings and Plaintiff complained to Wieland that Rodriguez's comments were unfair and not being made equally, but nothing was done to curb Rodriguez's criticisms.

d.  In or around November 2020, after Plaintiff had recalibrated the balance on her machine for a blotter test, Hogan yelled at Plaintiff stating that she was not performing the test properly and made adjustments that caused the test to fail. Thereafter, Hogan came into the lab and yelled "dead weight" at Plaintiff. Plaintiff reported this to Wieland, however, Hogan was not reprimanded to her knowledge.

e.  On or around January 21, 2021, Plaintiff was asked to do a "hot commodity" procedure that needed to be completed in a matter of days. Plaintiff had only performed this procedure once and went to Hogan for help to which he replied he would try to make some time. Later that day, Plaintiff overheard Hogan and Rodriguez making disparaging remarks about her.

f.  On or around January 22, 2021, Plaintiff learned that a coworker had made serious allegations to Defendant's ethics department regarding Plaintiff's testing methods that could have resulted in Plaintiff's termination if true.  The allegations

were entirely false, and Plaintiff believes they were aimed at intimidating and humiliating her and to cause her to be terminated from employment.

17.     Plaintiff complained to Wieland on several occasions during their one-on-one meetings about the toxic culture and unfair treatment in the workplace, but nothing was done to rectify the issues.

**COUNT I**
**(TITLE VII RACE DISCRIMINATION)**

18.     Plaintiff re-alleges paragraphs 1 through 17 and incorporates them as if fully set forth herein.

19.     Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits an employer to discriminating against an employee based upon his or her race.

20.     By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her race by subjecting Plaintiff to a hostile work environment.

21.     As a result of Defendant's actions, Plaintiff has suffered emotional distress.

22.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

23.     Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT I**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on Count I and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages for emotional distress;

c)      Award Plaintiff punitive damages;

5

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT II**
**(SECTION 1981 RACE DISCRIMINATION)**

24.      Plaintiff re-alleges paragraphs 1 through 17 and incorporates them as if fully set forth herein.

25.      Section 1981 prohibits employers from discriminating against employees based upon his or her race or ethnicity in the making, performing, modifying, and termination of contracts, including at-will employment contracts.

26.      By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

27.      By its conduct alleged herein, Defendant discriminated against Plaintiff on the basis of her race in the performance of an at-will employment contract when  subjected Plaintiff to a hostile work environment.

28.      As a result of Defendant's actions, Plaintiff has suffered emotional distress.

29.      Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

30.      Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT II**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on Count II and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

### COUNT III
### (TITLE VII SEX DISCRIMINATION)

31.    Plaintiff re-alleges paragraphs 1 through 17 and incorporates them as if fully set forth herein.

32.    Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of his or her gender.

33.    By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her gender, including but not limited to subjecting Plaintiff to a hostile work environment.

34.    As a result of Defendant's actions, Plaintiff has suffered emotional distress.

35.    Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon sex in the workplace.

36.    Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT III

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on Count III and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

7

e)    Award Plaintiff equitable/injunctive relief;

f)    Award Plaintiff any and all other relief as the Court deems just in the premises.


MICHELE P. HINES

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney


Michael T. Smith (6180407IL)
THE LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
Msmith39950@aol.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHELE P. HINES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 21-cv-06364** |
| **ABBOTT LABORATORIES** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| ☐ FEPA | | **440-2021-02571** |
| ☒ EEOC | | |

| | and EEOC |
|---|---|

*State or local Agency, if any* | S.S. No. |

NAME *(Indicate Mr., Ms., Mrs.)*

Ms. Michele P. Hines

HOME TELEPHONE *(Include Area Code)*

▮▮▮▮▮▮▮▮

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮ | | ▮▮▮▮ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Abbott Laboratories | 500 | (224) 667-6100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 100 Abbott Park Road | Abbott Park, Illinois 60064 | Lake |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| ☒ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☒ AGE |
|---|---|---|---|---|
| ☐ RETALIATION | ☐ NATIONAL ORIGIN | ☐ DISABILITY | ☐ OTHER *(Specify)* | |

DATE DISCRIMINATION TOOK PLACE
*EARLIEST (ADEA/EPA)*   *LATEST (ALL)*

August 2020   Present

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Respondent January 29, 1990. My most recent position is housekeeper. I have been held to different terms and conditions of employment due to my race (African American), my sex (female) and my age 56 (DOB ▮▮▮▮) and held to a higher standard of employment compared to those not in my protected class.

I have been discriminated based on my sex and race in violation of Title VII of the Civil Rights Act of 1964 as amended and by my age in violation of the Age Discrimination of Employment Act of 1967 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| Date 2/12/2021   **Charging Party (Signature)** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Test 10/94)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHELE P. HINES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 21-cv-06364** |
| **ABBOTT LABORATORIES** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |
| | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT B

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Michele Hines**<br>**c/o Michael T. Smith, Esq.**<br>**Law office of Michael T. Smith & Associates**<br>**10 N. Martingale Road**<br>**Suite 400**<br>**Schaumburg, IL 60173** | From: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-02571** | **Sherice Galloway,**<br>**Investigator** | **(312) 872-9732** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman/np*          9/1/2021

Enclosures(s)

**Julianne Bowman,**
**District Director**        *(Date Issued)*

cc:   **ABBOTT LABORATORIES**
**Carrie Hund, Counsel**
**Legal Department - Litigation**
**One St. Jude Medical Drive**
**Saint Paul, MN 55117**